UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason RIOS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BAYONNE et al.,<br><br>Defendants. | Civ. No. 2:12-4716<br><br>(KM)(MAH)<br><br>OPINION & ORDER |

### KEVIN MCNULTY, U.S.D.J.:

Magistrate Judge Michael A. Hammer denied Rios's motion to amend his complaint (ECF No. 141). This matter comes before the Court upon Plaintiff Jason Rios's appeal from that ruling (ECF No. 146).

For the reasons set forth below, Judge Hammer's order is AFFIRMED as entered. Rios has presented an additional proposed amendment, however, that is not addressed in Judge Hammer's order. I will grant that motion to amend, and permit Rios to add a claim of failure to intervene pursuant to 42 U.S.C. § 1983.

### I.  BACKGROUND[1]

This action arose out of an August 29, 2010 incident between Rios and members of the City of Bayonne's Police and Fire Departments. Rios called 911 to report that his vehicle was on fire behind his residence. (Compl. ¶19, ECF No. 1.) Members of the Bayonne Fire and Police Departments, including Mahoney (a police officer), were dispatched. (*Id.*

---

[1] A more detailed description of the facts is included in my April 8, 2015 Opinion (ECF No. 144).

1

¶21.) Rios alleges, *inter alia*, that after the fire was extinguished, an altercation took place. He accuses officers of pepper-spraying him, putting him on the ground, arresting him without cause, and physically assaulting him until he lost consciousness. (*Id.* ¶¶26–28, 30–46.)

On July 30, 2012, Plaintiff Jason Rios filed a civil rights complaint against the City of Bayonne; the Bayonne Police Department; Chief of Police Robert Kubert; Lt. Robert Deczynski; Sgt. Franco Amato; Officer James Mahoney; Officer Joseph Saroshinsky; Officer Roman Popowski; and John Does 1–10. (Compl., ECF No. 1). Rios alleged six causes of action in his complaint: (1) false arrest and imprisonment under 42 U.S.C. § 1983 (*Id.* ¶¶ 58–62); (2) illegal search and seizure under 42 U.S.C. § 1983 (*Id.* ¶¶ 63–67); (3) excessive force under 42 U.S.C. § 1983 (*Id.* ¶¶ 68–73); (4) municipal liability under 42 U.S.C. § 1983 and N.J. Stat. Ann. § 10:6-2 (*Id.* ¶¶ 74–79); (5) false arrest and imprisonment, illegal search and seizure, and excessive force under N.J. Stat. Ann. § 10:6:2 (*Id.* ¶¶ 80–90); and (6) illegal search and seizure under the New Jersey Constitution (*Id.* ¶¶ 91–95).

On November 12, 2013, I granted motions to dismiss all claims against Lt. Deczynski and Chief Kubert. (*See* Mem. Op., ECF No. 70; Order, ECF No. 71). In that opinion, I also dismissed Rios's *Monell* claim. My opinion explained that the *Monell* claim consisted only of legal boilerplate, and failed to make any factual allegation of an express policy or a custom authorizing the officers' alleged improper conduct. (Mem. Op. 16–17.)

On October 23, 2014, Rios filed a motion to amend his complaint to re-allege his *Monell* claim and add a failure to intervene claim. (ECF No. 110.)

On March 30, 2015, Judge Hammer denied Rios's motion to amend, concluding that Rios had not corrected the errors I identified

2

regarding the *Monell* claim in his original complaint. (Mar. 30, 2015 Order, ECF No. 141.) Judge Hammer explained that Rios had not pled his *Monell* claim with the required specificity. The order did not, however, address the proposed failure to intervene claim.

Rios now appeals Judge Hammer's order.

## II. DISCUSSION

### a. Rule 15(a)(2) standard for a motion to amend a complaint

Under Fed. R. Civ. P. 15(a)(2), a court should give leave for a plaintiff to amend his pleading "when justice so requires." The Court may deny a motion to amend the pleadings where there is: (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) futility of amendment, or (5) repeated failure to correct deficiencies. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Am. Corporate Soc'y v. Valley Forge Ins. Co.*, 424 F. App'x 86, 90 (3d Cir. 2011) (internal citations omitted). An amended complaint is futile if it could not surmount the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

### b. Proposed *Monell* liability claim

Rios's proposed amended complaint bases *Monell* liability on the failure of the Bayonne Police Department to train its officers and investigate complaints. (*See* Proposed Am. Compl. ¶¶80–90, ECF No. 110-3.)

As I previously explained, "[a] municipality may only be held liable under § 1983 if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury. *Jewell v. Ridley Twp.*, 497 F.

3

App'x 182, 185 (3d Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

In this case, Rios has failed to identify any specific training policy, to state why it is inadequate, or to propose an alternative policy that would have prevented the harm for which he sues. Rios's proposed amended *Monell* claim merely states, in conclusory terms, that the "City of Bayonne failed to train their officers in the use of force, search and seizure, [and] arrest," and that "the City of Bayonne has a policy and practice of not disciplining officers if they are found to have violated a citizen's [rights]." (Proposed Am. Compl ¶¶80, 86.) These are generalities, not facts. Such conclusory allegations are insufficient to survive a motion to dismiss. Judge Hammer was on solid ground in concluding that the proposed amendment to the *Monell* claim was futile. *See, e.g., Bangura v. City of Philadelphia*, 338 F. App'x 261, 265–66 (3d Cir. 2009) (allegations that a city "failed to train the employees of the . . . Police Department . . . to handle allegations of child abuse" and that "it is the custom and practice of the Police Department to inappropriately handle custody order violations" were too conclusory to state a *Monell* claim).

Rios's proposed amended complaint refers to an unrelated incident involving Defendant Officer Popowski. Rios does not allege, however, how this incident relates to deficient training, or suggest what alternative training would have prevented this incident. (*See* Proposed Am. Compl. ¶¶91–97.)

Rios seems to have misinterpreted Judge Hammer's order in part. Rios argues that Judge Hammer's order "implies a denial on grounds of

4

delay." (Rios Appeal 5–6, ECF No. 146.) However, nothing in Judge Hammer's order suggests that his denial was based on Rios's timing in filing the motion to amend. To the contrary, Judge Hammer denied Rios's motion *without prejudice*, giving Rios a chance to renew his motion to include information uncovered in discovery. (*See* Mar. 30, 2015 Order 2, ECF No. 141.) Judge Hammer went so far as to set a briefing schedule for a renewed motion to amend. (*Id.*) As discovery is still in progress, Rios may uncover more facts on which to base a potential *Monell* claim. His current allegations, however, are insufficient.

### c. Proposed failure to intervene claim

I will allow Rios to amend his complaint to allege a failure to intervene claim, asserted pursuant to 42 U.S.C. § 1983. (Count 7 of the Proposed Am. Compl. ¶¶120–127.) The parties seemingly did not focus Judge Hammer on the failure to intervene claim, and even plaintiff's appeal brief says very little about it. Judge Hammer did not explicitly rule on the failure to intervene claim. (It is possible that everyone anticipated dealing with it in connection with a renewed motion to amend, *see supra*.) I will save another trip up and down the appellate ladder by simply deciding the issue.

I understand proposed Count 7 to be a claim under 42 U.S.C. § 1983, although it does not specify. Failure to intervene is a recognized theory. Based on an underlying violation of Section 1983, it extends liability to third parties who had a duty and opportunity to intervene. *See* Third Cir. Model Jury Instructions 4.6.2 ("Section 1983 – Liability in Connection with the Actions of Another – Failure to Intervene").

In this proposed amendment, the underlying Section 1983 violation is the same incident that gave rise to the other claims in the complaint. No new defendants are named. Rios alleges that, as individual officers used excessive force against him, the other officers failed to

5

intervene despite having the duty and opportunity to do so. (Proposed Am. Compl., Count 7, ¶¶121–25.)

This is essentially an alternative legal theory of liability for the same tort. Because Rios's proposed failure to intervene claim is based on the same facts as the rest of his complaint, allowing Rios to proceed with this claim would not significantly alter the scope of discovery, which is ongoing. Defendants object to plaintiff's "dilatoriness," but have not identified any specific prejudice they would suffer should this claim be allowed. They assert legal objections to a state-law failure to intervene claim, but, as noted above, it does state a valid federal theory. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Rios is therefore granted leave to amend his complaint to allege a failure-to-intervene claim pursuant to 42 U.S.C. § 1983.

### III. CONCLUSION

Accordingly, based on this Opinion and the reasons expressed by Judge Hammer, and for good cause shown;

**IT IS** this 19th day of May, 2015,

**ORDERED** that Plaintiff Rios's appeal (ECF No. 146) of Judge Hammer's order is DENIED and the order is AFFIRMED; and it is further

**ORDERED** that Plaintiff is granted leave to amend his complaint to include the proposed Seventh Count.

_____
**Kevin McNulty**
**United States District Judge**